1   AMY W. SCHULMAN
    DLA PIPER LLP
2   1251 Avenue of the Americas
    New York, NY 10020
3   Telephone:  (212) 335-4500
    Facsimile:  (212) 335-4501
4   amy.schulman@dlapiper.com

5   STUART M. GORDON (SBN: 037477)
    GORDON & REES LLP
6   Embarcadero Center West
    275 Battery Street, Suite 2000
7   San Francisco, CA 94111
    Telephone:  (415) 986-5900
8   Facsimile:  (415) 986-8054
    sgordon@gordonrees.com
9
10  MICHAEL C. ZELLERS (SBN: 146904)
    TUCKER ELLIS & WEST LLP
11  515 South Flower Street, Suite 4200
    Los Angeles, CA 90071-2223
12  Telephone:  (213) 430-3400
    Facsimile:  (213) 430-3409
13  michael.zellers@tuckerellis.com

14  Attorneys for Defendants
    PFIZER INC., PHARMACIA CORPORATION, AND
15  G.D. SEARLE LLC

16              UNITED STATES DISTRICT COURT

17             NORTHERN DISTRICT OF CALIFORNIA

18               SAN FRANCISCO DIVISION

19  IN RE CELEBREX AND BEXTRA          )  MDL Docket No. 1699
    MARKETING, SALES PRACTICES AND     )
20  PRODUCTS LIABILITY LITIGATION      )  CASE NO. 3:07-cv-6450-CRB
    _____     )
21  This document relates to           )
    RICHARD MCNABB and ALBERT SMITH,   )  PFIZER INC., PHARMACIA
                                       )  CORPORATION, AND G.D.
22            Plaintiffs,              )  SEARLE, LLC'S ANSWER TO
                                       )  COMPLAINT
23       vs.                           )
                                       )  JURY DEMAND ENDORSED
24  PFIZER, INC., PHARMACIA CORPORATION,)  HEREIN
    MONSANTO COMPANY, and G.D. SEARLE  )
25  LLC,                               )
                                       )
26            Defendants.              )
                                       )
27  _____     )

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1       NOW COME Defendants Pfizer Inc. (improperly captioned in Plaintiffs' Complaint as

2   "Pfizer, Inc.") ("Pfizer"), Pharmacia Corporation (formerly known as "Monsanto Company"[1])

3   ("Pharmacia"), and G.D. Searle LLC   ("Searle") (collectively "Defendants"), and file this

4   Answer to Plaintiffs' Complaint ("Complaint"), and would respectfully show the Court as

5   follows:

6                  **I.**

7         **PRELIMINARY STATEMENT**

8       The Complaint does not state in sufficient detail when Plaintiffs were prescribed or used

9   Bextra® (valdecoxib) ("Bextra®").  Accordingly, this Answer can only be drafted generally.

10  Defendants may seek leave to amend this Answer when discovery reveals the specific time

11  periods in which Plaintiffs were prescribed and used Bextra®.

12                 **II.**

13             **ANSWER**

14      **Response to Allegations Regarding Parties**

15  1.    Defendants admit that Plaintiffs brought this civil action seeking monetary damages, but

16  deny that Plaintiffs are entitled to any relief or damages.  Defendants admit that, during certain

17  periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States

18  to be prescribed by healthcare providers who are by law authorized to prescribe drugs in

19  accordance with their approval by the FDA.  Defendants admit that, during certain periods of

20  time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed,

21  co-promoted and distributed Bextra® in the United States to be prescribed by healthcare

22  providers who are by law authorized to prescribe drugs in accordance with their approval by the

23  FDA.  Defendants state that Bextra® was and is safe and effective when used in accordance

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

---

24

25  [1] Plaintiffs' Complaint names "Monsanto Company" as a Defendant.  Defendants state that in 1933, an entity known as Monsanto Company ("1933 Monsanto") was incorporated under the laws of Delaware.  On March 31, 2000, 1933 Monsanto changed its name to Pharmacia Corporation.  On February 9, 2000, a separate company, Monsanto Ag

26  Company, was incorporated under the laws of Delaware.  On March 31, 2000, Monsanto Ag Company changed its name to Monsanto Company ("2000 Monsanto").  The 2000 Monsanto is engaged in the agricultural business and

27  does not and has not ever designed, produced, manufactured, sold, resold or distributed Bextra®.  Given that Plaintiffs allege in their Complaint that Monsanto Company was involved in distributing Bextra®, *see* PLAINTIFFS'

28  COMPLAINT at ¶ 6, Defendants assume Plaintiffs mean to refer to 1933 Monsanto.  As a result, Pharmacia will respond to the allegations directed at Monsanto Company.

with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or damages, and deny the remaining allegations in this paragraph of the Complaint.

2.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's age and citizenship, and, therefore, deny the same. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Bextra® and Plaintiff's medical condition, and, therefore, deny the same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

3.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's age and citizenship, and, therefore, deny the same. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Bextra® and Plaintiff's medical condition, and, therefore, deny the same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

4.    Defendants admit that Pfizer is a Delaware corporation with its principal place of business in New York.  Defendants admit that Pharmacia acquired Searle in 2000 and that, as the result of a merger in April 2003, Searle and Pharmacia became subsidiaries of Pfizer. Defendants admit that, during certain periods of time, Pfizer marketed and co-promoted Bextra® in the United States, including California, to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants state that Plaintiffs' allegations regarding "predecessors in interest" are vague and ambiguous.  Defendants are without knowledge or information to form a belief as to the truth of such allegations, and, therefore, deny the same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

5.    Defendants admit that Searle is a Delaware limited liability company with its principal

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

place of business in Illinois. Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants deny the remaining allegations in this paragraph of the Complaint.

6.    Defendants admit that in 1933 an entity known as Monsanto Company ("1933 Monsanto") was incorporated under the laws of Delaware. On March 31, 2000, a subsidiary of 1933 Monsanto merged with Pharmacia & Upjohn, Inc, and 1933 Monsanto changed its name to Pharmacia Corporation. On February 9, 2000, a separate company, Monsanto Ag Company, was incorporated under the laws of Delaware. On March 31, 2000, Monsanto Ag Company changed its name to Monsanto Company ("2000 Monsanto"). The 2000 Monsanto is engaged in the agricultural business and does not and has not ever manufactured, marketed, sold, or distributed Bextra®. The 2000 Monsanto is not and has never been the parent of either Searle or Pharmacia. As the 2000 Monsanto does not and has not ever manufactured, marketed, sold, or distributed Bextra®, Defendants therefore state that the 2000 Monsanto is not a proper party in this matter. Defendants deny the remaining allegations in this paragraph of the Complaint. Defendants state that the response to this paragraph of the Complaint regarding Monsanto is incorporated by reference into Defendants' responses to each and every paragraph of the Complaint referring to Monsanto and/or Defendants.

7.    Defendants admit that Pharmacia is a Delaware corporation with its principal place of business in New Jersey. Defendants admit that, during certain periods of time, Pharmacia marketed and co-promoted Bextra® in the United States, including California, to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants state that Plaintiffs' allegations regarding "predecessors in interest" are vague and ambiguous. Defendants are without knowledge or information to form a belief as to the truth of such allegations, and, therefore, deny the same. Defendants deny the remaining allegations in this Paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

### Response to Allegations Regarding Jurisdiction and Venue

8.      Defendants are without knowledge or information to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding the amount in controversy, and, therefore, deny that the same. However, Defendants admit that Plaintiffs claim that the amount in controversy exceeds $75,000, exclusive of interests and costs.

9.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiffs' citizenship and the amount in controversy, and, therefore, deny the same. However, Defendants admit that Plaintiffs claim that the parties are diverse and that the amount in controversy exceeds $75,000, exclusive of interests and costs.

10.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding the judicial district in which the asserted claims allegedly arose, and, therefore, deny the same. Defendants deny committing a tort in the States of Florida, South Carolina, and California, and deny the remaining allegations in this paragraph of the Complaint.

11.     Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that they provided FDA-approved prescribing information regarding Bextra®. Defendants admit that they do business in the State of California. Defendants state that Plaintiffs' allegations regarding "predecessors in interest" are vague and ambiguous. Defendants are without knowledge or information to form a belief as to the truth of such allegations, and, therefore, deny the same. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

1

**Response to Allegations Regarding Interdistrict Assignment**

2    12.    Defendants state that this paragraph of the Complaint contains legal contentions to

3    which no response is required.  To the extent that a response is deemed required, Defendants

4    admit that this case should be transferred to In re: Bextra and Celebrex Marketing, Sales Prac.

5    And Prods. Liab. Litig., MDL-1699, assigned to the Honorable Charles R. Breyer by the

6    Judicial Panel on Multidistrict Litigation on September 6, 2005.

7

**Response to Factual Allegations**

8    13.    Defendants are without knowledge or information sufficient to form a belief as to the

9    truth of the allegations regarding Plaintiffs' medical condition and whether Plaintiffs used

10   Bextra® and, therefore, deny the same.  Defendants deny any wrongful conduct, deny that

11   Bextra® caused Plaintiffs injury or damages, and deny the remaining allegations in this

12   paragraph of the Complaint.

13   14.    Defendants admit that Bextra® was expected to reach consumers without substantial

14   change from the time of sale.  Defendants are without knowledge or information sufficient to

15   form a belief as to the truth of the allegations regarding whether Plaintiffs used Bextra® and,

16   therefore, deny the same.  Defendants deny the remaining allegations this paragraph of the

17   Complaint.

18   15.    Defendants state that Bextra® was and is safe and effective when used in accordance

19   with its FDA-approved prescribing information.  Defendants state that the potential effects of

20   Bextra® were and are adequately described in its FDA-approved prescribing information,

21   which was at all times adequate and comported with applicable standards of care and law.

22   Defendants are without knowledge or information sufficient to form a belief as to the truth of

23   the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the same.

24   Defendants deny remaining the allegations in this paragraph of the Complaint.

25   16.    Plaintiffs' Complaint omits Paragraph 16.

26   17.    Plaintiffs' Complaint omits Paragraph 17.

27   18.    Defendants admit that Bextra® is in a class of drugs that is, at times, referred to as non-

28   steroidal anti-inflammatory drugs ("NSAIDS").  Defendants state that Bextra® was and is safe

*Gordon & Rees, LLP*
*275 Battery Street, Suite 2000*
*San Francisco, CA 94111*

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.   Defendants deny the remaining allegations in this paragraph of the Complaint.

19.     The allegations in this paragraph of the Complaint are not directed toward Defendants and, therefore, no response is required.   To the extent a response is deemed required, Defendants state that Plaintiffs fail to provide the proper context for the allegations in this paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

20.     The allegations in this paragraph of the Complaint are not directed toward Defendants and, therefore, no response is required.   To the extent a response is deemed required, Defendants state that Plaintiffs fail to provide the proper context for the allegations in this paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

21.     The allegations in this paragraph of the Complaint are not directed toward Defendants and, therefore, no response is required.   To the extent a response is deemed required, Defendants state that Plaintiffs fail to provide the proper context for the allegations in this paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

22.     The allegations in this paragraph of the Complaint are not directed toward Defendants and, therefore, no response is required.   To the extent a response is deemed required, Defendants state that Plaintiffs fail to provide the proper context for the allegations in this paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

23.     Plaintiffs fail to provide the proper context for the allegations in this paragraph of the Complaint.  Defendants lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

1    24.    Defendants state that Plaintiffs' allegations regarding "predecessors in interest" are

2    vague and ambiguous.  Defendants are without knowledge or information to form a belief as to

3    the truth of such allegations, and, therefore, deny the same.  Defendants deny any wrongful

4    conduct and deny the remaining allegations in this paragraph of the Complaint.

5    25.    Plaintiffs do not allege having used Celebrex® in this Complaint.  Nevertheless,

6    Defendants admit that Celebrex® was launched in the United States in February 1999.

7    Defendants state that Celebrex® was and is safe and effective when used in accordance with its

8    FDA-approved prescribing information.  Defendants admit that, during certain periods of time,

9    Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be

10   prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance

11   with their approval by the FDA.  Defendants admit that, during certain periods of time,

12   Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-

13   promoted and distributed Celebrex® in the United States to be prescribed by healthcare

14   providers who are by law authorized to prescribe drugs in accordance with their approval by the

15   FDA.  The allegations in this paragraph of the Complaint regarding Merck and Vioxx® are not

16   directed toward Defendants and, therefore, no response is required.  To the extent a response is

17   deemed required, Defendants state that Plaintiffs fail to provide the proper context for the

18   allegations in this paragraph of the Complaint regarding Merck and Vioxx®.  Defendants

19   therefore lack sufficient information or knowledge to form a belief as to the truth of such

20   allegations and, therefore, deny the same.  Defendants deny the remaining allegations in this

21   paragraph of the Complaint.

22   26.    Defendants admit that the New Drug Application for Bextra® was filed with the FDA

23   on January 15, 2001.  Defendants admit, as indicated in the package insert approved by the

24   FDA, that Bextra® is indicated for use in the relief of the signs and symptoms of osteoarthritis

25   and adult rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea.

26   Defendants state that Plaintiffs' allegations regarding "predecessors in interest" are vague and

27   ambiguous.  Defendants are without knowledge or information to form a belief as to the truth of

28   such allegations, and, therefore, deny the same.  Defendants deny the remaining allegations in

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1  this paragraph of the Complaint.

2  27.     Defendants admit that Bextra® was approved by the FDA on November 16, 2001.

3  Defendants admit, as indicated in the package insert approved by the FDA, that Bextra® is

4  indicated for use in the relief of the signs and symptoms of osteoarthritis and adult rheumatoid

5  arthritis, as well as for the treatment of primary dysmenorrhea.  Defendants deny the remaining

6  allegations in this paragraph of the Complaint.

7  28.     Defendants admit, as indicated in the package insert approved by the FDA, that Bextra®

8  is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult

9  rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea.  Defendants deny

10  the remaining allegations in this paragraph of the Complaint.

11  29.     Defendants admit, as indicated in the package insert approved by the FDA, that Bextra®

12  is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult

13  rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea.  Defendants state

14  that Bextra® was and is safe and effective when used in accordance with its FDA-approved

15  prescribing information.  Defendants state that the potential effects of Bextra® were and are

16  adequately described in its FDA-approved prescribing information, which at all times was

17  adequate and comported with applicable standards of care and law.  Defendants deny the

18  remaining allegations in this paragraph of the Complaint.

19  30.     Defendants state that Bextra® was and is safe and effective when used in accordance

20  with its FDA-approved prescribing information.  Defendants state that the potential effects of

21  Bextra® were and are adequately described in its FDA-approved prescribing information,

22  which at all times was adequate and comported with applicable standards of care and law.

23  Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-

24  promoted Bextra® in the United States to be prescribed by healthcare providers who are by law

25  authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit

26  that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which

27  developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be

28  prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

with their approval by the FDA. Defendants state that Plaintiffs' allegations regarding "predecessors in interest" are vague and ambiguous. Defendants are without knowledge or information to form a belief as to the truth of such allegations, and, therefore, deny the same. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

31. Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text. Any attempt to characterize the article is denied. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants deny the remaining allegations in this paragraph of the Complaint.

32. The allegations in this paragraph of the Complaint are not directed towards Defendants and, therefore, no response is necessary. Should a response be deemed necessary, Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text. Any attempt to characterize the article is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

33. Defendants admit that the New Drug Application for Bextra® was filed with the FDA on January 15, 2001. Defendants admit that Bextra® was approved by the FDA, on November 16, 2001. Defendants deny any wrongful conduct and the remaining allegations in this paragraph of the Complaint.

34. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which at all times was adequate and comported with applicable standards of care and law. Defendants deny the allegations in this paragraph of the Complaint.

35. Defendants state that the referenced FDA Talk Paper for Bextra® speaks for itself and respectfully refer the Court to the Talk Paper for its actual language and text. Any attempt to characterize the Talk Paper is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

36.    Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

37.    Plaintiffs fail to provide the proper context for the allegations concerning the "post-drug approval meta-analysis study" in this paragraph of the Complaint.  Defendants are without sufficient information to confirm or deny such allegations and, therefore, deny the same.  Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text.  Any attempt to characterize the study is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

38.    The allegations in this paragraph of the Complaint are not directed towards Defendants and, therefore, no response is necessary.  Should a response be deemed necessary, Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

39.    The allegations in this paragraph of the Complaint are not directed towards Defendants and, therefore, no response is necessary.  Should a response be deemed necessary, Defendants admit that a Joint Meeting of the Arthritis Advisory Committee and the Drug Safety and Risk Management Advisory Committee was held on February 16-18, 2005.  Defendants state that the referenced testimony speaks for itself and respectfully refer the Court to the testimony for its actual language and text.  Any attempt to characterize the testimony is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

40.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

41.    Defendants state that the referenced Alert for Healthcare Professionals speaks for itself and respectfully refer the Court to the Alert for Healthcare Professionals for its actual language and text.  Any attempt to characterize the Alert for Healthcare Professionals is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

42.    Defendants state that Plaintiffs fail to provide the proper context for the allegations in this paragraph of the Complaint.    Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

43.    Defendants state that the referenced Alert for Healthcare Professionals speaks for itself and respectfully refer the Court to the Alert for Healthcare Professionals for its actual language and text.    Any attempt to characterize the Alert for Healthcare Professionals is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

44.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.    Defendants deny the allegations in this paragraph of the Complaint.

45.    Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.    Any attempt to characterize the article is denied.    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

46.    The allegations in this paragraph of the Complaint are not directed towards Defendants and, therefore, no response is necessary.    Should a response be deemed necessary, Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.    Any attempt to characterize the article is denied.    Defendants deny the remaining allegations in this paragraph of the Complaint.

47.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.    Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny the allegations in this paragraph of the Complaint.

48.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.    Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    Defendants deny any wrongful conduct, deny that Bextra® is defective, and deny the remaining

2    allegations in this paragraph of the Complaint.

3    49.    Defendants state that Bextra® was and is safe and effective when used in accordance

4    with its FDA-approved prescribing information.  Defendants state that the potential effects of

5    Bextra® were and are adequately described in its FDA-approved prescribing information,

6    which was at all times adequate and comported with applicable standards of care and law.

7    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

8    the Complaint.

9    50.    Defendants deny the allegations in this paragraph of the Complaint.

10    51.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

11    and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are

12    by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

13    admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle,

14    which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to

15    be prescribed by healthcare providers who are by law authorized to prescribe drugs in

16    accordance with their approval by the FDA.  Defendants state that Bextra® was and is safe and

17    effective when used in accordance with its FDA-approved prescribing information.  Defendants

18    state that the potential effects of Bextra® were and are adequately described in its FDA-

19    approved prescribing information, which was at all times adequate and comported with

20    applicable standards of care and law.   Defendants are without knowledge or information

21    sufficient to form a belief as to the truth of the allegations regarding whether Plaintiffs used

22    Bextra® and, therefore, deny the same.  Defendants deny any wrongful conduct and deny the

23    allegations in this paragraph of the Complaint.

24    52.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

25    and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are

26    by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

27    admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle,

28    which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny the remaining allegations in this paragraph of the Complaint.

53.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants admit, as indicated in the package insert approved by the FDA, that Bextra® is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea. Defendants deny the remaining allegations in this paragraph of the Complaint.

54.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which at all times was adequate and comported with applicable standards of care and law. Defendants state that Plaintiffs' allegations regarding "predecessors in interest" are vague and ambiguous. Defendants are without knowledge or information to form a belief as to the truth of such allegations, and, therefore, deny the same. Defendants deny any wrongful conduct, deny

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   that Bextra® is defective, and deny the allegations in this paragraph of the Complaint.

2   55.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

3   and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are

4   by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

5   admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle,

6   which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to

7   be prescribed by healthcare providers who are by law authorized to prescribe drugs in

8   accordance with their approval by the FDA.  Defendants state that Bextra® was and is safe and

9   effective when used in accordance with its FDA-approved prescribing information.  Defendants

10  state that the potential effects of Bextra® were and are adequately described in its FDA-

11  approved prescribing information, which was at all times adequate and comported with

12  applicable standards of care and law.  Defendants deny the remaining allegations in this

13  paragraph of the Complaint.

14  56.    Defendants state that Bextra® was and is safe and effective when used in accordance

15  with its FDA-approved prescribing information.  Defendants state that the potential effects of

16  Bextra® were and are adequately described in its FDA-approved prescribing information,

17  which at all times was adequate and comported with applicable standards of care and law.

18  Defendants deny the remaining allegations in this paragraph of the Complaint.

19  57.    Defendants state that Bextra® was and is safe and effective when used in accordance

20  with its FDA-approved prescribing information.  Defendants state that the potential effects of

21  Bextra® were and are adequately described in its FDA-approved prescribing information,

22  which was at all times adequate and comported with applicable standards of care and law.

23  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

24  the Complaint.

25  58.    Defendants state that Bextra® was and is safe and effective when used in accordance

26  with its FDA-approved prescribing information.  Defendants state that the potential effects of

27  Bextra® were and are adequately described in its FDA-approved prescribing information,

28  which was at all times adequate and comported with applicable standards of care and law.

1    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

2    the Complaint.

3    59.    Defendants deny the allegations in this paragraph of the Complaint.

4    60.    Defendants admit that the sale of Bextra® was voluntarily suspended in the U.S. market

5    as of April 7, 2005.  Defendants deny any wrongful conduct and deny the remaining allegations

6    contained in this paragraph of the Complaint.

7    61.    Defendants state that Bextra® was and is safe and effective when used in accordance

8    with its FDA-approved prescribing information.  Defendants state that the potential effects of

9    Bextra® were and are adequately described in its FDA-approved prescribing information,

10   which was at all times adequate and comported with applicable standards of care and law.

11   Defendants deny any wrongful conduct, deny that Bextra® is defective, and deny the remaining

12   allegations in this paragraph of the Complaint.

13   62.    Defendants state that Bextra® was and is safe and effective when used in accordance

14   with its FDA-approved prescribing information.  Defendants state that the potential effects of

15   Bextra® were and are adequately described in its FDA-approved prescribing information,

16   which was at all times adequate and comported with applicable standards of care and law.

17   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

18   the Complaint.

19   63.    Defendants deny any wrongful conduct and deny the remaining allegations in this

20   paragraph of the Complaint.

21   64.    Defendants state that Bextra® was and is safe and effective when used in accordance

22   with its FDA-approved prescribing information.  Defendants state that the potential effects of

23   Bextra® were and are adequately described in its FDA-approved prescribing information,

24   which was at all times adequate and comported with applicable standards of care and law.

25   Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-

26   promoted Bextra® in the United States to be prescribed by healthcare providers who are by law

27   authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit

28   that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1  developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be

2  prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance

3  with their approval by the FDA.  Defendants deny any wrongful conduct and deny the

4  remaining allegations in this paragraph of the Complaint.

5  65.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

6  and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are

7  by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

8  admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle,

9  which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to

10  be prescribed by healthcare providers who are by law authorized to prescribe drugs in

11  accordance with their approval by the FDA.  Defendants deny the remaining allegations in this

12  paragraph of the Complaint.

13  66.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

14  and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are

15  by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

16  admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle,

17  which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to

18  be prescribed by healthcare providers who are by law authorized to prescribe drugs in

19  accordance with their approval by the FDA.  Defendants admit, as indicated in the package

20  insert approved by the FDA, that Bextra® is indicated for use in the relief of the signs and

21  symptoms of osteoarthritis and adult rheumatoid arthritis, as well as for the treatment of

22  primary dysmenorrhea.  Defendants deny any wrongful conduct and deny the remaining

23  allegations in this paragraph of the Complaint.

24  67.    Defendants state that Bextra® was and is safe and effective when used in accordance

25  with its FDA-approved prescribing information.  Defendants state that the potential effects of

26  Bextra® were and are adequately described in its FDA-approved prescribing information,

27  which was at all times adequate and comported with applicable standards of care and law.

28  Defendants are without knowledge or information sufficient to form a belief as to the truth of

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

the allegations regarding and whether Plaintiffs used Bextra® and, therefore, deny the same. Defendants deny any wrongful conduct, deny that Bextra® is defective, deny that Bextra® caused Plaintiffs injury or damages, and deny the remaining allegations in this paragraph of the Complaint.

68.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding and whether Plaintiffs used Bextra® and, therefore, deny the same. Defendants state that Plaintiffs' allegations regarding "predecessors in interest" are vague and ambiguous. Defendants are without knowledge or information to form a belief as to the truth of such allegations, and, therefore, deny the same. Defendants deny any wrongful conduct, deny that Bextra® is defective, deny that Bextra® caused Plaintiffs injury or damages, and deny the remaining allegations in this paragraph of the Complaint.

### Response to First Cause of Action: Negligence

69.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs' Complaint as if fully set forth herein.

70.    Defendants state that this paragraph of the Complaint contains legal contentions to which no response is deemed required. To the extent a response is deemed required, Defendants admit that they had duties as are imposed by law but deny having breached such duties. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants deny the remaining allegations in this paragraph of the Complaint.

71.    Defendants state that this paragraph of the Complaint contains legal contentions to which no response is deemed required. To the extent a response is deemed required,

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   Defendants admit that they had duties as are imposed by law but deny having breached such

2   duties.  Defendants state that Bextra® was and is safe and effective when used in accordance

3   with its FDA-approved prescribing information.  Defendants deny the remaining allegations in

4   this paragraph of the Complaint.

5   72.    Defendants state that this paragraph of the Complaint contains legal contentions to

6   which no response is required.  To the extent that a response is deemed required, Defendants

7   admit that they had duties as are imposed by law but deny having breached such duties.

8   Defendants state that Bextra® was and is safe and effective when used in accordance with its

9   FDA-approved prescribing information.  Defendants state that the potential effects of Bextra®

10   were and are adequately described in its FDA-approved prescribing information, which was at

11   all times adequate and comported with applicable standards of care and law.  Defendants deny

12   any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint,

13   including all subparts.

14   73.    Defendants state that Bextra® was and is safe and effective when used in accordance

15   with its FDA-approved prescribing information.  Defendants state that the potential effects of

16   Bextra® were and are adequately described in its FDA-approved prescribing information,

17   which was at all times adequate and comported with applicable standards of care and law.

18   Defendants are without knowledge or information sufficient to form a belief as to the truth of

19   the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the same.

20   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

21   the Complaint.

22   74.    Defendants state that Bextra® was and is safe and effective when used in accordance

23   with its FDA-approved prescribing information.  Defendants state that the potential effects of

24   Bextra® were and are adequately described in its FDA-approved prescribing information,

25   which was at all times adequate and comported with applicable standards of care and law.

26   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

27   the Complaint.

28   75.    Defendants state that Bextra® was and is safe and effective when used in accordance

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

with its FDA-approved prescribing information.  Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or damages, and deny the remaining allegations in this paragraph of the Complaint.

76.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or damages, and deny the remaining allegations in this paragraph of the Complaint.

77.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or damages and deny the remaining allegations in this paragraph of the Complaint.

78.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or damages, and deny the remaining allegations in this paragraph of the Complaint.

**Response to Second Cause of Action: Strict Liability**

79.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs' Complaint as if fully set forth herein.

80.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the same.  Defendants admit that Bextra® was expected to reach consumers without substantial change in the condition from the time of sale.  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants deny the remaining allegations in this paragraph of the Complaint.

81.    Defendants state that Bextra® was and is safe and effective when used in accordance

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1  with its FDA-approved prescribing information.  Defendants state that the potential effects of

2  Bextra® were and are adequately described in its FDA-approved prescribing information,

3  which was at all times adequate and comported with applicable standards of care and law.

4  Defendants deny the allegations in this paragraph of the Complaint.

5  82.     Defendants state that Bextra® was and is safe and effective when used in accordance

6  with its FDA-approved prescribing information.  Defendants state that the potential effects of

7  Bextra® were and are adequately described in its FDA-approved prescribing information,

8  which was at all times adequate and comported with applicable standards of care and law.

9  Defendants deny that Bextra® is defective or unreasonably dangerous, and deny the remaining

10  allegations in this paragraph of the Complaint.

11  83.     Defendants state that this paragraph of the Complaint contains legal contentions to

12  which no response is deemed required.   To the extent a response is deemed required,

13  Defendants state that Bextra® was and is safe and effective when used in accordance with its

14  FDA-approved prescribing information.  Defendants state that the potential effects of Bextra®

15  were and are adequately described in its FDA-approved prescribing information, which was at

16  all times adequate and comported with applicable standards of care and law.  Defendants deny

17  that Bextra® is unreasonably dangerous, and deny the remaining allegations in this paragraph

18  of the Complaint, including all subparts.

19  84.     Defendants state that this paragraph of the Complaint contains legal contentions to

20  which no response is deemed required.   To the extent a response is deemed required,

21  Defendants state that Bextra® was and is safe and effective when used in accordance with its

22  FDA-approved prescribing information.  Defendants state that the potential effects of Bextra®

23  were and are adequately described in its FDA-approved prescribing information, which was at

24  all times adequate and comported with applicable standards of care and law.  Defendants deny

25  any wrongful conduct, deny that Bextra® is unreasonably dangerous, and deny the remaining

26  allegations in this paragraph of the Complaint.

27  85.     Defendants state that Bextra® was and is safe and effective when used in accordance

28  with its FDA-approved prescribing information.  Defendants state that the potential effects of

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Bextra® is defective, deny that Bextra® caused Plaintiffs injury or damages, and deny the remaining allegations in this paragraph of the Complaint.

86.     Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Bextra® is defective, and deny the remaining allegations in this paragraph of the Complaint.

87.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the same.  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants deny any wrongful conduct, deny that Bextra® is defective, deny that Bextra® caused Plaintiffs injury or damages, and deny the remaining allegations in this paragraph of the Complaint.

88.     Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1   Bextra® were and are adequately described in its FDA-approved prescribing information,
2   which was at all times adequate and comported with applicable standards of care and law.
3   Defendants deny the remaining allegations in this paragraph of the Complaint.

4   89.    Defendants are without knowledge or information sufficient to form a belief as to the
5   truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the
6   same.  Defendants state that Bextra® was and is safe and effective when used in accordance
7   with its FDA-approved prescribing information.  Defendants state that the potential effects of
8   Bextra® were and are adequately described in its FDA-approved prescribing information,
9   which was at all times adequate and comported with applicable standards of care and law.
10  Defendants deny the remaining allegations in this paragraph of the Complaint.

11  90.    Defendants state that Bextra® was and is safe and effective when used in accordance
12  with its FDA-approved prescribing information.  Defendants deny any wrongful conduct and
13  deny the remaining allegations in this paragraph of the Complaint.

14  91.    Defendants are without knowledge or information sufficient to form a belief as to the
15  truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the
16  same.  Defendants state that Bextra® was and is safe and effective when used in accordance
17  with its FDA-approved prescribing information.  Defendants state that the potential effects of
18  Bextra® were and are adequately described in its FDA-approved prescribing information,
19  which was at all times adequate and comported with applicable standards of care and law.
20  Defendants deny that Bextra® is defective and deny the remaining allegations in this paragraph
21  of the Complaint.

22  92.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or
23  damages, and deny the remaining allegations in this paragraph of the Complaint.

24  93.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or
25  damages, and deny the remaining allegations in this paragraph of the Complaint.

26  94.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or
27  damages, and deny the remaining allegations in this paragraph of the Complaint.

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    **Response to Third Cause of Action: Breach of Express Warranty**

2    95.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs'

3    Complaint as if fully set forth herein.

4    96.    Defendants are without knowledge or information sufficient to form a belief as to the

5    truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the

6    same.  Defendants state that Bextra® was and is safe and effective when used in accordance

7    with its FDA-approved prescribing information.  Defendants state that the potential effects of

8    Bextra® were and are adequately described in its FDA-approved prescribing information,

9    which was at all times adequate and comported with applicable standards of care and law.

10   Defendants admit that they provided FDA-approved prescribing information regarding

11   Bextra®.  Defendants deny the remaining allegations in this paragraph of the Complaint.

12   97.    Defendants are without knowledge or information sufficient to form a belief as to the

13   truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the

14   same.  Defendants state that Bextra® was and is safe and effective when used in accordance

15   with its FDA-approved prescribing information.  Defendants state that the potential effects of

16   Bextra® were and are adequately described in its FDA-approved prescribing information,

17   which was at all times adequate and comported with applicable standards of care and law.

18   Defendants admit that they provided FDA-approved prescribing information regarding

19   Bextra®.  Defendants deny the remaining allegations in this paragraph of the Complaint,

20   including all subparts.

21   98.    Defendants deny the allegations in this paragraph of the Complaint.

22   99.    Defendants state that Bextra® was and is safe and effective when used in accordance

23   with its FDA-approved prescribing information.  Defendants state that the potential effects of

24   Bextra® were and are adequately described in its FDA-approved prescribing information,

25   which was at all times adequate and comported with applicable standards of care and law.

26   Defendants admit that they provided FDA-approved prescribing information regarding

27   Bextra®.  Defendants deny the remaining allegations in this paragraph of the Complaint.

28   100.    Defendants state that Bextra® was and is safe and effective when used in accordance

*Gordon & Rees, LLP*
*275 Battery Street, Suite 2000*
*San Francisco, CA  94111*

with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants admit that they provided FDA-approved prescribing information regarding Bextra®.  Defendants deny any wrongful conduct the remaining allegations in this paragraph of the Complaint.

101.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the same.  Defendants admit that they provided FDA-approved prescribing information regarding Bextra®.  Defendants deny the remaining allegations in this paragraph of the Complaint.

102.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or damages, and deny the remaining allegations in this paragraph of the Complaint.

103.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or damages, and deny the remaining allegations in this paragraph of the Complaint.

104.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or damages, and deny the remaining allegations in this paragraph of the Complaint.

**Response to Fourth Cause of Action: Breach of Implied Warranty**

105.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs' Complaint as if fully set forth herein.

106.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants deny the remaining allegations in this paragraph of the Complaint.

107.    Defendants admit that they provided FDA-approved prescribing information regarding

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Bextra®.  Defendants admit, as indicated in the package insert approved by the FDA, that Bextra® is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea.  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants deny the remaining allegations in this paragraph of the Complaint.

108.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the same.  Defendants admit, as indicated in the package insert approved by the FDA, that Bextra® is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea.  Defendants deny the remaining allegations in this paragraph of the Complaint.

109.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the same.  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants deny the remaining allegations in this paragraph of the Complaint.

110.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the same.  Defendants state that Bextra® was expected to reach consumers without substantial change in the condition from the time of sale.  Defendants deny the remaining allegations in this paragraph of the Complaint.

111.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the same.  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

112.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or

1  damages, and deny the remaining allegations in this paragraph of the Complaint.

2  113.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or

3  damages, and deny the remaining allegations in this paragraph of the Complaint.

4  114.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or

5  damages, and deny the remaining allegations in this paragraph of the Complaint.

6       **Response to Fifth Cause of Action: Fraudulent Misrepresentation & Concealment**

7  115.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs'

8  Complaint as if fully set forth herein.

9  116.    Defendants state that this paragraph of the Complaint contains legal contentions to

10  which no response is deemed required.    To the extent a response is deemed required,

11  Defendants admit that they had duties as are imposed by law but deny having breached such

12  duties.  Defendants state that Bextra® was and is safe and effective when used in accordance

13  with its FDA-approved prescribing information.  Defendants state that the potential effects of

14  Bextra® were and are adequately described in its FDA-approved prescribing information,

15  which was at all times adequate and comported with applicable standards of care and law.

16  Defendants deny the remaining allegations in this paragraph of the Complaint.

17  117.    Defendants state that Bextra® was and is safe and effective when used in accordance

18  with its FDA-approved prescribing information.  Defendants state that the potential effects of

19  Bextra® were and are adequately described in its FDA-approved prescribing information,

20  which was at all times adequate and comported with applicable standards of care and law.

21  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

22  the Complaint, including all subparts.

23  118.    Defendants state that Bextra® was and is safe and effective when used in accordance

24  with its FDA-approved prescribing information.  Defendants state that the potential effects of

25  Bextra® were and are adequately described in its FDA-approved prescribing information,

26  which was at all times adequate and comported with applicable standards of care and law.

27  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

28  the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

119.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Bextra® is defective or unreasonably dangerous, and deny the remaining allegations in this paragraph of the Complaint.

120.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

121.    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

122.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the same.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

123.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the same.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

124.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the same.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

125.    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

ANSWER TO COMPLAINT – 3: 07-cv-6450-CRB

126.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the same.  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

127.   Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or damages, and deny the remaining allegations in this paragraph of the Complaint.

128.   Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or damages, and deny the remaining allegations in this paragraph of the Complaint.

129.   Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or damages, and deny the remaining allegations in this paragraph of the Complaint.

**Response to Sixth Cause of Action: Unjust Enrichment**

130.   Defendants incorporate by reference their responses to each paragraph of Plaintiffs' Complaint as if fully set forth herein.

131.   Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants deny the remaining allegations in this paragraph of the Complaint.

132.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

133.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

134.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the same.  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants deny the remaining allegations in this paragraph of the Complaint.

135.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the same.  Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or damages, and deny the remaining allegations in this paragraph of the Complaint.

136.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or damages, and deny the remaining allegations in this paragraph of the Complaint.

**Response to Prayer for Relief**

Answering the unnumbered paragraph of the Complaint headed "Prayer for Relief," Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or damages, and deny the remaining allegations in this paragraph of the Complaint, including all subparts.

**III.**

**GENERAL DENIAL**

Defendants deny all allegations and/or legal conclusions set forth in Plaintiffs' Complaint that have not been previously admitted, denied, or explained.

**IV.**

**AFFIRMATIVE DEFENSES**

Defendants reserve the right to rely upon any of the following or additional defenses to claims asserted by Plaintiffs to the extent that such defenses are supported by information developed through discovery or evidence at trial.  Defendants affirmatively show that:

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**First Defense**

1.    The Complaint fails to state a claim upon which relief can be granted.

**Second Defense**

2.    Bextra® is a prescription medical product.  The federal government has preempted the field of law applicable to the labeling and warning of prescription medical products.  Defendants' labeling and warning of Bextra® was at all times in compliance with applicable federal law.  Plaintiffs' causes of action against Defendants, therefore, fail to state a claim upon which relief can be granted; such claims, if allowed, would conflict with applicable federal law and violate the Supremacy Clause of the United States Constitution.

**Third Defense**

3.    At all relevant times, Defendants provided proper warnings, information and instructions for the drug in accordance with generally recognized and prevailing standards in existence at the time.

**Fourth Defense**

4.    At all relevant times, Defendants' warnings and instructions with respect to the use of Bextra® conformed to the generally recognized, reasonably available, and reliable state of knowledge at the time the drug was manufactured, marketed and distributed.

**Fifth Defense**

5.    Plaintiffs' action is time-barred as it is filed outside of the time permitted by the applicable Statute of Limitations, and same is pleaded in full bar of any liability as to Defendants.

**Sixth Defense**

6.    Plaintiffs' action is barred by the statute of repose.

**Seventh Defense**

7.    If Plaintiffs sustained any injuries or incurred any losses or damages as alleged in the Complaint, the same were caused by the negligence or fault of the Plaintiffs and Plaintiffs' damages, if any, are barred or reduced by the doctrines of comparative fault and contributory negligence and by the failure to mitigate damages.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

### Eighth Defense

8.     The proximate cause of the loss complained of by Plaintiffs is not due to any acts or omissions on the part of Defendants.  Rather, said loss is due to the acts or omissions on the part of third parties unrelated to Defendants and for whose acts or omissions Defendants are not liable in any way.

### Ninth Defense

9.     The acts and/or omissions of unrelated third parties as alleged constituted independent, intervening causes for which Defendants cannot be liable.

### Tenth Defense

10.     Any injuries or expenses incurred by Plaintiffs were not caused by Bextra®, but were proximately caused, in whole or in part, by an idiosyncratic reaction, operation of nature, or act of God.

### Eleventh Defense

11.     Defendants affirmatively deny that they violated any duty owed to Plaintiffs.

### Twelfth Defense

12.     A manufacturer has no duty to warn patients or the general public of any risk, contraindication, or adverse effect associated with the use of a prescription medical product.  Rather, the law requires that all such warnings and appropriate information be given to the prescribing physician and the medical profession, which act as a "learned intermediary" in determining the use of the product.  Bextra® is a prescription medical product, available only on the order of a licensed physician.  Bextra® provided an adequate warning to Plaintiffs' treating and prescribing physicians.

### Thirteenth Defense

13.     The product at issue was not in a defective condition or unreasonably dangerous at the time it left the control of the manufacturer or seller.

### Fourteenth Defense

14.     Bextra® was at all times material to the Complaint reasonably safe and reasonably fit for its intended use and the warnings and instructions accompanying Bextra® at the time of the

occurrence of the injuries alleged by Plaintiffs were legally adequate for its approved usages.

**Fifteenth Defense**

15.     Plaintiffs' causes of action are barred in whole or in part by the lack of a defect as the Bextra® allegedly ingested by Plaintiffs was prepared in accordance with the applicable standard of care.

**Sixteenth Defense**

16.     If Plaintiffs sustained any injuries or incurred any losses or damages as alleged in the Complaint, the same were caused by the unforeseeable alteration, change, improper handling, abnormal use, or other unforeseeable misuse of Bextra® by persons other than Defendants or persons acting on its behalf after the product left the control of Defendants.

**Seventeenth Defense**

17.     Plaintiffs' alleged damages were not caused by any failure to warn on the part of Defendants.

**Eighteenth Defense**

18.     Plaintiffs' alleged injuries/damages, if any, were the result of preexisting or subsequent conditions unrelated to Bextra®.

**Nineteenth Defense**

19.     Plaintiffs knew or should have known of any risk associated with Bextra®; therefore, the doctrine of assumption of the risk bars or diminishes any recovery.

**Twentieth Defense**

20.     Plaintiffs are barred from recovering against Defendants because Plaintiffs' claims are preempted in accordance with the Supremacy Clause of the United States Constitution and by the Federal Food, Drug and Cosmetics Act, 21 U.S.C. § 301 et. seq.

**Twenty-first Defense**

21.     Plaintiffs' claims are barred in whole or in part under the applicable state law because the subject pharmaceutical product at issue was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### Twenty-second Defense

22.    The manufacture, distribution and sale of the pharmaceutical product referred to in Plaintiffs' Complaint were at all times in compliance with all federal regulations and statutes, and Plaintiffs' causes of action are preempted.

### Twenty-third Defense

23.    Plaintiffs' claims are barred in whole or in part by the deference given to the primary jurisdiction of the Food and Drug Administration over the subject pharmaceutical product at issue under applicable federal laws, regulations, and rules.

### Twenty-fourth Defense

24.    Plaintiffs' claims are barred in whole or in part because there is no private right of action concerning matters regulated by the Food and Drug Administration under applicable federal laws, regulations, and rules.

### Twenty-fifth Defense

25.    Plaintiffs' claims are barred in whole or in part because Defendants provided adequate "direction or warnings" as to the use of the subject pharmaceutical product within the meaning of Comment j to Section 402A of the Restatement (Second) of Torts.

### Twenty-sixth Defense

26.    Plaintiffs' claims are barred or limited to a product liability failure to warn claim because Bextra® is a prescription pharmaceutical drug and falls within the ambit of Restatement (Second) of Torts § 402A, Comment k.

### Twenty-seventh Defense

27.    Plaintiffs' claims are barred in whole or in part because the subject pharmaceutical product at issue "provides net benefits for a class of patients" within the meaning of Comment f to § 6 of the Restatement (Third) of Torts: Products Liability.

### Twenty-eighth Defense

28.    Plaintiffs' claims are barred under § 4, et seq., of the Restatement (Third) of Torts: Products Liability.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1

**Twenty-ninth Defense**

2    29.    To the extent that Plaintiffs are seeking punitive damages, Plaintiffs have failed to plead

3    facts sufficient under the law to justify an award of punitive damages.

4    **Thirtieth Defense**

5    30.    The imposition of punitive damages in this case would violate Defendants' rights to

6    procedural due process under the Fourteenth Amendment of the United States Constitution, the

7    Constitutions of the States of Florida, South Carolina, and California, and would additionally

8    violate Defendants' right to substantive due process under the Fourteenth Amendment of the

9    United States Constitution.

10    **Thirty-first Defense**

11    31.    Plaintiffs' claims for punitive damages are barred, in whole or in part, by the Fifth and

12    Fourteenth Amendments to the United States Constitution.

13    **Thirty-second Defense**

14    32.    The imposition of punitive damages in this case would violate the First Amendment to

15    the United States Constitution.

16    **Thirty-third Defense**

17    33.    Plaintiffs' punitive damage claims are preempted by federal law.

18    **Thirty-fourth Defense**

19    34.    In the event that reliance was placed upon Defendants' nonconformance to an express

20    representation, this action is barred as there was no reliance upon representations, if any, of

21    Defendants.

22    **Thirty-fifth Defense**

23    35.    Plaintiffs failed to provide Defendants with timely notice of any alleged

24    nonconformance to any express representation.

25    **Thirty-sixth Defense**

26    36.    To the extent that Plaintiffs' claims are based on a theory providing for liability without

27    proof of causation, the claims violate Defendants' rights under the United States Constitution.

28

1

**Thirty-seventh Defense**

2    37.    Plaintiffs' claims are barred, in whole or in part, because the advertisements, if any, and

3    labeling with respect to the subject pharmaceutical products were not false or misleading and,

4    therefore, constitute protected commercial speech under the applicable provisions of the United

5    States Constitution.

6    **Thirty-eighth Defense**

7    38.    To the extent that Plaintiffs seek punitive damages for the conduct which allegedly

8    caused injuries asserted in the Complaint, punitive damages are barred or reduced by applicable

9    law or statute or, in the alternative, are unconstitutional insofar as they violate the due process

10    protections afforded by the United States Constitution, the excessive fines clause of the Eighth

11    Amendment of the United States Constitution, the Commerce Clause of the United States

12    Constitution, and the Full Faith and Credit Clause of the United States Constitution and the

13    Constitutions of the States of Florida, South Carolina, and California.  Any law, statute, or other

14    authority purporting to permit the recovery of punitive damages in this case is unconstitutional,

15    facially and as applied, to the extent that, without limitation, it: (1) lacks constitutionally

16    sufficient standards to guide and restrain the jury's discretion in determining whether to award

17    punitive damages and/or the amount, if any; (2) is void for vagueness in that it failed to provide

18    adequate advance notice as to what conduct will result in punitive damages; (3)  permits

19    recovery of punitive damages based on out-of-state conduct, conduct that complied with

20    applicable law, or conduct that was not directed, or did not proximately cause harm, to

21    Plaintiffs; (4) permits recovery of punitive damages in an amount that is not both reasonable

22    and proportionate to the amount of harm, if any, to Plaintiffs and to the amount of

23    compensatory damages, if any; (5) permits jury consideration of net worth or other financial

24    information relating to Defendants; (6) lacks constitutionally sufficient standards to be applied

25    by the trial court in post-verdict review of any punitive damages awards; (7) lacks

26    constitutionally sufficient standards for appellate review of punitive damages awards; and (8)

27    otherwise fails to satisfy Supreme Court precedent, including, without limitation, *Pacific

28    Mutual Life Ins. Co. v. Haslip*, 499 U.S. 1 (1991), *TXO Production Corp. v. Alliance Resources*,

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1   *Inc.*, 509 U.S. 443 (1993); *BMW of North America, Inc. v. Gore*, 519 U.S. 559 (1996); and *State*

2   *Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

3                                    **Thirty-ninth Defense**

4          39.    The methods, standards, and techniques utilized with respect to the manufacture, design,

5   and marketing of Bextra®, if any, used in this case, included adequate warnings and

6   instructions with respect to the product's use in the package insert and other literature, and

7   conformed to the generally recognized, reasonably available, and reliable state of the

8   knowledge at the time the product was marketed.

9                                    **Fortieth Defense**

10         40.    The claims asserted in the Complaint are barred because Bextra® was designed, tested,

11  manufactured and labeled in accordance with the state-of-the-art industry standards existing at

12  the time of the sale.

13                                   **Forty-first Defense**

14         41.    If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon

15  information and belief, such injuries and losses were caused by the actions of persons not

16  having real or apparent authority to take said actions on behalf of Defendants and over whom

17  Defendants had no control and for whom Defendants may not be held accountable.

18                                   **Forty-second Defense**

19         42.    The claims asserted in the Complaint are barred, in whole or in part, because Bextra®

20  was not unreasonably dangerous or defective, was suitable for the purpose for which it was

21  intended, and was distributed with adequate and sufficient warnings.

22                                   **Forty-third Defense**

23         43.    Plaintiffs' claims are barred, in whole or in part, by the equitable doctrines of laches,

24  waiver, and/or estoppel.

25                                   **Forty-fourth Defense**

26         44.    Plaintiffs' claims are barred because Plaintiffs' injuries, if any, were the result of the

27  pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or

28  illnesses, subsequent medical conditions or natural courses of conditions of Plaintiffs, and were

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  independent of or far removed from Defendants' conduct.

2  **Forty-fifth Defense**

3  45.     The claims asserted in the Complaint are barred, in whole or in part, because Bextra®

4  did not proximately cause injuries or damages to Plaintiffs.

5  **Forty-sixth Defense**

6  46.     The claims asserted in the Complaint are barred, in whole or in part, because Plaintiffs

7  did not incur any ascertainable loss as a result of Defendants' conduct.

8  **Forty-seventh Defense**

9  47.     The claims asserted in the Complaint are barred, in whole or in part, because the

10  manufacturing, labeling, packaging, and any advertising of the product complied with the

11  applicable codes, standards and regulations established, adopted, promulgated or approved by

12  any applicable regulatory body, including but not limited to the United States, any state, and

13  any agency thereof.

14  **Forty-eighth Defense**

15  48.     The claims must be dismissed because Plaintiffs would have taken Bextra® even if the

16  product labeling contained the information that Plaintiffs contend should have been provided.

17  **Forty-ninth Defense**

18  49.     The claims asserted in the Complaint are barred because the utility of Bextra®

19  outweighed its risks.

20  **Fiftieth Defense**

21  50.     Plaintiffs' damages, if any, are barred or limited by the payments received from

22  collateral sources.

23  **Fifty-first Defense**

24  51.     Defendants' liability, if any, can only be determined after the percentages of

25  responsibility of all persons who caused or contributed toward Plaintiffs' alleged damages, if

26  any, are determined.  Defendants seek an adjudication of the percentage of fault of the

27  claimants and each and every other person whose fault could have contributed to the alleged

28  injuries and damages, if any, of Plaintiffs.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1

**Fifty-second Defense**

2    52.    Plaintiffs' claims are barred, in whole or in part, by the doctrine of abstention in that the

3    common law gives deference to discretionary actions by the United States Food and Drug

4    Administration under the Federal Food, Drug, and Cosmetic Act.

5    **Fifty-third Defense**

6    53.    The claims asserted in the Complaint are barred, in whole or in part, because Bextra® is

7    comprehensively regulated by the FDA pursuant to the Federal Food, Drug & Cosmetic Act

8    ("FDCA"), 21 U.S.C. §§ 301 *et seq.*, and regulations promulgated there under, and Plaintiffs'

9    claims conflict with the FDCA, with the regulations promulgated by FDA to implement the

10    FDCA, with the purposes and objectives of the FDCA and FDA's implementing regulations,

11    and with the specific determinations by FDA specifying the language that should be used in the

12    labeling accompanying Bextra®.    Accordingly, Plaintiffs' claims are preempted by the

13    Supremacy Clause of the United States Constitution, Article VI, clause 2, and the laws of the

14    United States.

15    **Fifty-fourth Defense**

16    54.    Plaintiffs' misrepresentation allegations are not stated with the degree of particularity

17    required by Federal Rule of Civil Procedure 9(b) and should be dismissed.

18    **Fifty-fifth Defense**

19    55.    Defendants state on information and belief that the Complaint and each purported cause

20    of action contained therein is barred by the statutes of limitations contained in California Code

21    of Civil Procedure §§ 335.1 and 338 and former § 340(3), such other statutes of limitation as

22    may apply.

23    **Fifty-sixth Defense**

24    56.    Defendants state on information and belief that any injuries, losses, or damages suffered

25    by Plaintiffs were proximately caused, in whole or in part, by the negligence or other actionable

26    conduct of persons or entities other than Defendants.    Therefore, Plaintiffs' recovery against

27    Defendants, if any, should be reduced pursuant to California Civil Code § 1431.2.

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Fifty-seventh Defense**

57.    To the extent that Plaintiffs seek punitive damages for an alleged act or omission of Defendants, no act or omission was oppressive, fraudulent, or malicious under California Civil Code § 3294, and, therefore, any award of punitive damages is barred.  Any claim for punitive damages is also barred under California Civil Code § 3294(b).

**Fifty-eighth Defense**

58.    Plaintiffs' fraud-based claims, if any, are not stated with particularity as required by Rule 1.120 of the Florida Rules of Civil Procedure.

**Fifty-ninth Defense**

59.    Plaintiffs' claims are barred because Bextra® was designed, manufactured, and marketed in accordance with the state of the art at the time of manufacture per section 768.1257, Florida Statutes.

**Sixtieth Defense**

60.    Bextra® is not defective or unreasonably dangerous, and Defendants are not liable because, at the time of sale or distribution of the Bextra® alleged to have been used by Plaintiffs, Defendants had complied with applicable regulations of the federal Food & Drug Administration and are entitled to application of section 768.1256, Florida Statutes.

**Sixty-first Defense**

61.    Plaintiffs' injuries and damages, if any, were proximately caused by the negligence or fault of Plaintiff, or persons or parties whose identities are unknown at this time, and such comparative negligence or fault is sufficient to proportionately reduce or bar Plaintiffs' recovery.  Thus, Defendants are entitled to have their liability to the Plaintiffs, if any, reduced as a result of the negligence or fault of said persons or entities, pursuant to the provisions of section 768.81, Florida Statutes.  To the extent any recovery is permitted in this case, pursuant to sections 768.31 and 768.81, Florida Statutes, judgment must be entered on the basis of Defendants' percentage of fault, taking into account the percentage of fault attributable to all other persons, whether or not a party hereto, and not on the basis of joint and several liability. The persons or entities referred to in this paragraph that are presently unknown to Defendants

1  will be identified in a timely manner consistent with *Nash v. Wells Fargo*, 678 So. 2d 1262

2  (Fla. 1996).

3  ### Sixty-second Defense

4  62.    Plaintiffs fail to state a claim for violation of The Florida Deceptive and Unfair Trade

5  Practices Act ("FDUTPA").

6  ### Sixty-third Defense

7  63.    FDUTPA does not apply to claims for personal injuries, and, accordingly, Plaintiffs'

8  FDUTPA claim is improper and should be dismissed.

9  ### Sixty-fourth Defense

10  64.    The acts or practices of which Plaintiffs complain were and are required or specifically

11  permitted by federal or state law.  Therefore, Plaintiffs' FDUTPA claim is barred, fails to state

12  a claim, and should be dismissed with prejudice.

13  ### Sixty-fifth Defense

14  65.    Plaintiffs lack standing because the answering Defendants did not engage in deceptive

15  conduct with regard to Plaintiff or otherwise.

16  ### Sixty-sixth Defense

17  66.    Plaintiffs' claims are barred, in whole or in part, pursuant to South Carolina Code Ann.

18  § 15-3-20.

19  ### Sixty-seventh Defense

20  67.    Defendants reserve the right to supplement their assertion of defenses as they continue

21  with their factual investigation of Plaintiffs' claims.

22  ### V.

23  ### PRAYER

24  WHEREFORE, Defendants pray for judgment as follows:

25  1.    That Plaintiffs take nothing from Defendants by reason of the Complaint;

26  2.    That the Complaint be dismissed;

27  3.    That Defendants be awarded their costs for this lawsuit;

28  4.    That the trier of fact determine what percentage of the combined fault or other liability

*Gordon & Rees, LLP*
*275 Battery Street, Suite 2000*
*San Francisco, CA  94111*

1   of all persons whose fault or other liability proximately caused Plaintiffs' alleged

2   injuries, losses or damages is attributable to each person;

3   5.   That any judgment for damages against Defendants in favor of Plaintiffs be no greater

4   than an amount which equals their proportionate share, if any, of the total fault or other

5   liability which proximately caused Plaintiffs' injuries and damages; and

6   6.   That Defendants have such other and further relief as the Court deems appropriate.

7

8   June 13, 2008                                      GORDON & REES LLP

9

10                                                     By:_____/s/_____

11                                                     Stuart M. Gordon
                                                       sgordon@gordonrees.com
12                                                     Embarcadero Center West
                                                       275 Battery Street, 20th Floor
13                                                     San Francisco, CA 94111
                                                       Telephone: (415) 986-5900
14                                                     Fax: (415) 986-8054

15  June 13, 2008                                      TUCKER ELLIS & WEST LLP

16

17                                                     By:_____/s/_____

18                                                     Michael C. Zellers
                                                       michael.zellers@tuckerellis.com
19                                                     515 South Flower Street, Suite 4200
                                                       Los Angeles, CA  90071-2223
20                                                     Telephone: (213) 430-3400
                                                       Fax: (213) 430-3409
21
                                                       Attorneys for Defendants
22                                                     PFIZER INC., PHARMACIA
                                                       CORPORATION, AND G.D. SEARLE
23                                                     LLC

24

25

26

27

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1

## JURY DEMAND

2      Defendants Pfizer Inc., Pharmacia Corporation, and G.D. Searle LLC, hereby demand a

3  trial by jury of all the facts and issues in this case pursuant to 38(b) of the Federal Rules of Civil

4  Procedure.

5  June 13, 2008                              GORDON & REES LLP

6

7                                            By: _____/s/_____

8                                            Stuart M. Gordon
                                             sgordon@gordonrees.com
9                                            Embarcadero Center West
                                             275 Battery Street, 20th Floor
10                                           San Francisco, CA  94111
                                             Telephone:  (415) 986-5900
11                                           Fax:  (415) 986-8054

12

13  June 13, 2008                            TUCKER ELLIS & WEST LLP

14

15                                           By: _____/s/_____

16                                           Michael C. Zellers
                                             michael.zellers@tuckerellis.com
17                                           515 South Flower Street, Suite 4200
                                             Los Angeles, CA 90071-2223
18                                           Telephone:  (213) 430-3400
                                             Fax:  (213) 430-3409

19                                           Attorneys for Defendants
20                                           PFIZER INC., PHARMACIA
                                             CORPORATION, AND G.D. SEARLE
21                                           LLC

22

23

24

25

26

27

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

-43-